Raymond E. Masters, appellee, v. Metropolitan
Casualty Insurance Company, appellant.

Filed January 6, 1933.  No. 28337.

*Brome, Thomas & McGuire* and *G. H. Seig,* for appellant.

*Courtright, Sidner, Lee & Gunderson, contra.*

Heard before Goss, C. J., Dean, Good, Eberly, Day
and Paine, JJ.

Day, J.

This is an action for weekly indemnity under an ac-
cident insurance policy which excepts coverage for dis-
ability caused directly or indirectly, wholly or partly, by
hernia.  The insurance company defended on the theory
that plaintiff's disability was due to hernia for which no
indemnity was due under the terms of the policy.  The
defendant appeals from a judgment in favor of plaintiff.

Appellant contends that the evidence does not support
the verdict.  The plaintiff testified that he had an acci-
dent; that thereafter he had an operation for hernia.  A
physician, who examined him in November following the
accident in January and the operation in February, testi-
fied from the examination and the history given him as
to the nature of hernia in general and the extent of plain-
tiff's disability.  However, plaintiff by his testimony had
fixed the limit of his recovery at fifteen weeks' total dis-
ability, and no amount of opinion evidence would entitle
him to a greater recovery.

But that is not the controlling question, which is:  Was
the plaintiff's hernia caused by the accident of January
9, 1931, or did the plaintiff have the hernia before that
time?  There is no evidence that the hernia was caused
by the accident of January 9, 1931.  There is evidence
that after the accident the hernia caused disability.  A

physician testified for the defendant that he examined the plaintiff in January, 1930, a year before this accident; that plaintiff then had a hernia; that he saw him after this accident, and that he had the same hernia with an increase of the local symptoms over the previous year. This evidence is uncontradicted by competent evidence. In order to forestall future controversy, we note that plaintiff denies that this physician told him in 1930 that he had a hernia. The only conclusion which the evidence supports is that the plaintiff had the hernia at least a year prior to the accident involved in this case, and that the accident did not cause the hernia.

This was therefore a disability for which the defendant did not contract to indemnify the plaintiff. The judgment of the district court is reversed and the case dismissed.

REVERSED AND DISMISSED.